# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **JAMES LEE TOOLEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:09-0183** |
| ) | |
| **DAVID BALLARD, Warden,** ) | |
| **Mount Olive Correctional Complex,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's "Motion for Stay/Abeyance" (Document No. 1.) and Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2.), filed on February 27, 2009.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## PROCEDURAL HISTORY

**A.  Criminal Action No. 05-F-69:**

On February 16, 2005, the Grand Jury of Mercer County, West Virginia, returned an Indictment against Petitioner charging him with First Degree Murder, Conspiracy to Commit Murder, Burglary, and Conspiracy to Commit Burglary.[2] State v. Tooley, Criminal Action No. 05-F-

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Attached is a copy of the docket sheets involving *State v. Tooley*, Case No. 05-F-69 (Cir. Ct. Mercer Co. Nov. 2, 2005) (Court's Exhibit 1) and *Tooley v. McBride*, Case No. 07-C-368 (Cir. Ct. Mercer Co. May 20, 2010 (Court's Exhibit 2), which were obtained from the Mercer County Circuit Clerk's Office by the staff of the undersigned.

69 (Cir. Ct. Mercer Co. Nov. 2, 2005). Following a jury trial conducted on August 16 - 18, 2005, Petitioner was convicted of First Degree Murder with the recommendation of mercy, Burglary, and Conspiracy to Commit Burglary. By Order entered November 2, 2005, Petitioner was sentenced "to the penitentiary for the remainder of his natural life for the offense of Murder-First Degree with the possibility of parole in 15 years, 1 - 15 years for the offense of Burglary, and 1 - 5 years for the offense of Conspiracy to Commit Burglary." The Circuit Court further ordered that the above sentences were to run consecutively with one another. On November 18, 2005, Petitioner appealed his conviction and sentence to the Supreme Court of Appeals of West Virginia. The West Virginia Supreme Court refused Petitioner's Petition by Order filed on May 24, 2006. On June 11, 2006, the Circuit Court amended Petitioner's sentence by ordering that the above sentences were to run concurrently with one another.

**B.    State *Habeas* Petition:**

On May 30, 2007, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County. Tooley v. McBride, Case No. 07-C-368 (Cir. Ct. Mercer Co. May 20, 2010). By Order entered on June 1, 2007, the Circuit Court appointed counsel, Angela Lambert, to represent Petitioner. Ms. Lambert filed a Motion to Withdraw as Counsel on August 23, 2007. By Order entered on August 28, 2007, the Circuit Court granted the Motion to Withdraw and appointed Michael Cooke as counsel. On November 2, 2007, Mr. Cooke filed a Motion to be Relieved as Counsel. By Order entered on December 14, 2007, the Circuit Court granted Mr. Cooke's Motion and appointed William Huffman as counsel. By Order entered on February 4, 2008, the Circuit Court directed Petitioner to file his Amended Petition and "Losh List" by April 15, 2008. On April 14, 2008, counsel filed a Motion for Extension of Time and Petitioner filed a *Pro Se* Amended *Habeas* Petition. By Order entered on May 14, 2008, the Circuit Court granted counsel's

Motion for Extension of Time and directed that an Amended Petition and "Losh List" be filed by August 29, 2008. On July 18, 2008, Petitioner, by counsel, filed an Amended Petition and "Losh List." On October 9, 2008, Petitioner filed his *pro se* "Losh List." On October 15, 2008, Mr. Huffman filed a Motion to Withdraw as counsel. By Order entered on November 10, 2008, the Circuit Court granted Mr. Huffman's Motion and appointed Ward Morgan as counsel. By Administrative Order entered on November 25, 2008, the West Virginia Supreme Court recused Judge Swope and Judge Sadler and recalled Judge Charles M. Vickers to active service to preside in the above proceedings. By Order entered on January 28, 2009, the Circuit Court ordered that any Supplemental Petitions and "Losh Lists" be filed by February 9, 2009. On February 9, 2009, Petitioner filed his Third Amended Petition and "Losh List." On March 27, 2009, Respondent filed his Memorandum in Opposition. On May 5, 2009, Petitioner filed his Reply to Respondent's Memorandum in Opposition. The Circuit Court conducted an omnibus *habeas corpus* hearing on August 6, 2009. By Order filed May 20, 2010, the Circuit Court granted Petitioner's *habeas* petition, reversed Petitioner's convictions for First Degree Murder, Burglary, and Conspiracy to Commit Burglary, and awarded Petition a new trial on the above charges.

On May 21, 2010, Respondent filed a Notice of Intent to Appeal and a Motion for Stay of Order Setting Aside Petitioner's Conviction Pending Disposition of Appeal. By Order entered on June 7, 2010, the Circuit Court granted Respondent's Motion for Stay of Order Setting Aside Petitioner's Conviction Pending Disposition of Appeal. On September 20, 2010, Respondent filed a Petition for Appeal from the Circuit Court's decision. On November 15, 2010, Petitioner filed his Response to Respondent's Petition for Appeal. On November 19, 2010, Petitioner filed a Motion For Appointment of Substitute Counsel. On January 28, 2011, the West Virginia Supreme Court granted a Rule 19 Oral Argument. On March 11, 2011, the Court appointed Henry Harvey as

counsel. On September 15, 2011, Petitioner entered a Kennedy Plea[3] to Second Degree Murder, a lesser-included offense of First Degree Murder, and the State dismissed all remaining counts. Respondent filed a Motion to Dismiss Appeal, which was granted by the West Virginia Supreme Court on September 26, 2011. By Order entered November 10, 2011, Petitioner was sentenced to 16 years in the State penitentiary with credit for time served.

**C.    Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody and "Motion for Stay/Abeyance" on February 27, 2009. (Document Nos. 1 and 2.) In his Petition, Petitioner alleges the following grounds for *habeas* relief: (1) "Ineffective assistance of trial counsel, which the evidence and testimony, once developed by an expert witness at Petitioner's *Habeas* Hearing will be established pursuant to the Strickland v. Washington standard;" (2) "Petitioner was denied his constitutional right to be taken before a local magistrate in a timely manner pursuant to W. Va. Code § 62-1-5(a)(1) (1997) and West Virginia Rules of Criminal Procedure, Rule 5(a);" (3) "Petitioner's right to confront his witnesses;" (4) "DNA Testing will support the Petitioner's contentions of his innocence;" (5) "No change of venue;" (6) Double Jeopardy; (7) Prejudice; and (8) Improper Instructions. (Document No. 2.)

In support of his "Motion for Stay/Abeyance," Petitioner states as follows: (1) "Petitioner did not file his *pro se habeas corpus* petition until May 30, 2007, in Mercer County Courthouse;" (2) "Petitioner had no prior knowledge of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) Section 2254;" (3) "When Petitioner's time was added up in accordance with this

---

[3] A "Kennedy Plea" allows a defendant to consent to the imposition of a sentence without admitting participation in the crime, if the defendant intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him. *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (W.Va. 1987).


statute, the one year and three month period of expiration was almost over;" and (4) "By this estimation the Petitioner has only one day left after exhaustion of his direct review by the highest State Court." (Document No. 1, p. 2.) Accordingly, Petitioner requests "[t]hat this petition be put in a stay/abeyance until all exhaustion has ended in the highest State Court."[4] (Id., p. 3.)

## ANALYSIS

In the instant case, Petitioner filed a Section 2254 Petition and a "Motion for Stay/Abeyance" pending conclusion of Petitioner's State *habeas* proceedings. Federal *habeas* relief is available to a State prisoner under 28 U.S.C. § 2254, only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)(2002); See also Sargent v. Waters, 71 F.3d 158, 160 (4th Cir. 1995). Section 2254(d) provides that when the issues raised in a Section 2254 Petition were raised and considered on the merits in State Court *habeas* proceedings, federal *habeas* relief is unavailable unless the State Court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Further, Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This

---

[4] By Order entered on March 17, 2009, the above case was transferred from the Charleston Division to the Bluefield Division, reassigned to United States District Court Judge David A. Faber, and referred to the undersigned for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (Document No. 4.)

means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. "It has long been settled that a federal court has no authority to 'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992), quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); Incumaa v. Ozmint, 507 F.3d 281, 285 - 286 (4th Cir. 2007).

Based upon the foregoing, the undersigned finds that Petitioner's Section 2254 Petition challenging the validity of his State Court conviction is moot because the State Court granted the *habeas* relief sought by Petitioner. On May 20, 2010, the Circuit Court of Mercer County granted Petitioner's State *habeas* Petition and overturned his convictions. On September 15, 2011, Petitioner entered a "Kennedy Plea" to Second Degree Murder and Respondent's filed a Motion to Dismiss Appeal. On September 26, 2011, the West Virginia Supreme Court granted Respondent's Motion to Dismiss Appeal. On November 10, 2011, Petitioner was sentenced to 16 years of incarceration in the State penitentiary with credit for time served. Accordingly, Petitioner's Section 2254 Petition and "Motion for Stay/Abeyance" must be denied as moot.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's "Motion for Stay/Abeyance" (Document No. 1.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: November 29, 2011.

R. Clarke VanDervort
United States Magistrate Judge