```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**JAMES LEE TOOLEY,**

    **Plaintiff,**

v.                                    CIVIL ACTION NO. 1:09-cv-0183

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  By Standing Order, the action was referred to United States Magistrate R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF&R") to the court on November 29, 2011, in which he recommended that this court dismiss plaintiff's petition under 28 U.S.C. § 2254, deny plaintiff's motion for stay/abeyance, and remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  On December 6, 2011, plaintiff

filed timely objections to the Magistrate Judge's Findings and Recommendation.

## I. Background

Following a jury trial that concluded on August 18, 2005, in the Circuit Court of Mercer County, West Virginia, James Lee Tooley was convicted of First Degree Murder with the recommendation of mercy, Burglary, and Conspiracy to Commit Burglary. On November 2, 2005, Tooley was sentenced "to the penitentiary for the remainder of his natural life for the offense of Murder-First Degree with the possibility of parole in 15 years, 1 - 15 years for the offense of Burglary, and 1 - 5 years for the offense of Conspiracy to Commit Burglary," all sentences to run consecutively. Tooley appealed his conviction and sentence to the Supreme Court of Appeals of West Virginia and, by Order entered on May 24, 2006, that court refused Tooley's petition. Shortly thereafter, on June 11, 2006, the Circuit Court of Mercer County amended Tooley's sentence to have the sentences on the three counts of conviction run concurrently.

On May 30, 2007, Tooley filed a Petition for Writ of Habeas Corpus in the Circuit Court of Mercer County, Tooley v. McBride, Case No. 07-C-368. By Order entered on May 20, 2010, the Circuit Court granted Tooley's habeas petition, reversed his convictions on all counts, and granted a new trial on those charges.

The next day, the State of West Virginia filed a Notice of Intent to Appeal and a Motion for Stay of Order Setting Aside Petitioner's Conviction Pending Disposition of Appeal. On June 7, 2010, the Motion for Stay was granted. Thereafter, on September 20, 2010, the State of West Virginia filed a Petition for Appeal from the Circuit Court's order. While the appeal remained pending, on September 15, 2011, Tooley entered a Kennedy plea[1] to Second Degree Murder, a lesser-included offense of First Degree Murder. The State dismissed the remaining counts and, on September 26, 2011, the Supreme Court of Appeals granted the State's Motion to Dismiss Appeal. On November 10, 2011, Tooley was sentenced to a term of imprisonment of 16 years with credit for time served.

On February 27, 2009, while his state habeas petition remained pending, Tooley filed the instant 28 U.S.C. § 2254 petition. The § 2254 petition contains the following grounds for habeas relief: 1) ineffective assistance of counsel; 2) denial of Tooley's right to be taken before a local magistrate in a timely manner, in violation of West Virginia Code § 62-1-5(a)(1) and West Virginia Rule of Criminal Procedure 5(a); 3) violation of Tooley's right to confront the witnesses against him; 4) "DNA

---

[1] A Kennedy plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime if the defendant intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him. Kennedy v. Frazier, 178 W. Va. 10, 357 S.E. 2d 43 (W. Va. 1987).

Testing will support the Petitioner's contentions of his innocence;" 5) no change of venue; 6) Double Jeopardy; 7) prejudice; and 8) improper instructions. Tooley's Memorandum in Support of § 2254 Petition (Doc. # 2). Tooley also filed a Motion for Stay/Abeyance in which he asked the court to stay this matter until he had exhausted his claims in state court.

Given that the Circuit Court of Mercer County granted the habeas relief sought by Tooley, Magistrate Judge VanDervort concluded that the instant § 2254 petition was moot. Therefore, he recommended that the district court deny the motion for stay/abeyance, dismiss the § 2254 petition, and remove the case from the court's docket.

## II. Objections

Although Tooley styled his filing as an "Objection Denying Motion for Stay/Abeyance," the "objections" he makes are not directed to anything contained within the PF&R. Instead, Tooley states:

> Petitioner informs this Honorable Court that without some type of assistance before and after his release, he contends that it will be a harder challenge to become a successful, productive member of society added to the stress of adjusting back into the free world of our society, without some type of help to prepare him to re-enter society.
>
> The Magistrate Judges [sic] Recommendation, fails to identify any State or Federal re-entry programs to convicted persons who are returning to society, therefore the Petitioner Objects to the absence of such information in the recommendation. The

>Magistrate's Recommendation, identifies that the Petitioner's conviction has been overturned and that a plea agreement thereafter resulted.  As a direct result of the plea agreement the Petitioner will discharge his sentence within the next eleven (11) months.  The Petitioner's utmost desire is to have a successful re-entry into society.  To date however, no State or Federal Representative has offered any information regarding resources available to the Petitioner for the purpose of ensuring his successful re-entry.  Without at least some resources being provided to the Petitioner, successful re-entry is almost impossible.  It should be the soverign [sic] Duty of this Court, to Ensure that the final disposition of this case, include affirmative action identifying and/or providing programs, funding information toward successful re-entry into society, of which is absent from the Magistrate's recommendation, therefore, the Petitioner Objects to the adoption of the Magistrate's recommendation, without adding the assistance toward re-entry as set out above and is in the interest of Justice would allow.

Objections at 2-3 (Doc. # 6).

A court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Plaintiff's objections raise issues that are completely different than those he sets forth in his actual § 2254 petition.  Therefore, even assuming that there were some merit to the arguments Tooley makes in his objections, the objections do not direct the court to a specific error in Magistrate Judge VanDervort's PF&R.  Accordingly, pursuant to Orpiano, the objections are properly OVERRULED.

Turning to the merits, however, it is clear that the arguments advanced by Tooley still fail. His objections concern issues that are not cognizable under § 2254.[2] Section 2254 authorizes a federal court to review a habeas petition <u>only</u> if the claims raised therein assert a right to release from custody on federal law grounds. <u>See</u> 28 U.S.C. § 2254 (providing that a "court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); <u>see also</u> <u>Israel v. Dir., Virginia Dep't of Corr.</u>, 59 Fed. Appx. 572, 2003 WL 1085766, *1 (4th Cir. Mar. 12, 2003) (holding that state prisoner's claim that he was improperly deemed ineligible for parole arose under § 1983 rather than 28 U.S.C. § 2254 because prisoner "does not seek release from custody"). Tooley's objections are not directed toward securing his release from custody but, rather, are concerned with the alleged lack of rehabilitative opportunities available to him. A federal habeas

---

[2] Even if alleged deficiencies in rehabilitative services offered to state inmates were cognizable under 28 U.S.C. § 2254 (and it is clear they are not), dismissal would still be appropriate because plaintiff has not exhausted any such claims prior to bringing them in federal court. <u>Rose v. Lundy,</u> 455 U.S. 509, 520 (1982) (noting that the Supreme Court has sent a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").

action under § 2254 is not the proper vehicle for asserting such rights and the petition should be dismissed.

To the extent that Tooley may be attempting to advance a civil rights claim under the guise of § 2254, the Court notes that 42 U.S.C. § 1983 is not an independent source of constitutional rights.  See, e.g., Cabaniss v. City of Riverside, 231 Fed. Appx. 407, 412 (6th Cir. Apr. 6, 2007).  Accordingly, "in order to bring a § 1983 claim, a plaintiff must begin by identifying a violation of an existing constitutional right." Id. (citing Waters v. City of Morristown, 242 F.3d 353, 358-59 (6th Cir. 2001)).  This Tooley has failed to do.

Tooley's inability to point to any federal requirement, constitutional or otherwise, that requires a prison to provide rehabilitation and/or reentry programs to inmates is fatal to any § 1983 claim.  There simply is no such requirement.  See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) (state has no constitutional obligation to provide basic educational or vocational training programs to prisoners) (internal citations omitted); Acree v. Clark, 804 F.2d 1250, 1986 WL 18023, *2 fn (4th Cir. Nov. 10, 1986) ("Acree alleged that he was denied access to alcohol rehabilitation programs and vocational services.  This claim fails because there is no constitutional right to such rehabilitation programs."); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (lack of adequate vocational and educational programs at penitentiary does not violate Eighth

7

Amendment); McCray v. Sullivan, 509 F.2d 1332, 1335 (5th Cir. 1975) (failure to provide rehabilitation, by itself, does not constitute a violation of Eighth Amendment); Joe v. Ozmint, C.A. No. 2:08-585-PMD-RSC, 2009 WL 3124425, *16 (D.S.C. Sept. 29, 2009) ("[T]here is no constitutional requirement that a prison provide rehabilitation programs to inmates."); Blevins v. Werholtz, 2009 WL 539913, *4 (D. Kan. Mar. 4, 2009) ("The general assertion that plaintiff is not receiving programs to gain parole or prepare for release also fails to state a federal constitutional claim."); Abdul-Akbar v. Department of Corrs., 910 F. Supp. 986, 1002 (D. Del. 1995) (no right to drug treatment, employment, or other rehabilitation, education, or training programs in prison). Plaintiff has failed to allege a constitutional deprivation and the claim should be dismissed.

Finally, as to any argument that Tooley might somehow have a right to the assistance he seeks under state law, he has not demonstrated how his failure to receive that assistance implicates the deprivation of a federal constitutional right, i.e., equal protection or due process. For all these reasons, Tooley's objections are **OVERRULED**.

Based on the foregoing, the court adopts the Findings and Recommendations of Magistrate Judge VanDervort, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2254, **DENIES** plaintiff's

motion for stay/abeyance, and **DIRECTS** the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 27th day of March, 2012.

ENTER:

David A. Faber
Senior United States District Judge